UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-244-EBA

RANDALL WARD, et al,                                                                                     PLAINTIFFS,

V.   **MEMORANDUM OPINION
& ORDER**

CHESAPEAKE APPALACHIA, L.L.C,                                                          DEFENDANT.

I. INTRODUCTION

This matter is before the undersigned by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [R. 13] and is currently before the Court on the Defendant's Motion to Exclude Plaintiffs' Expert [R. 18] and Motion for Summary Judgment. [R. 20]. Having considered the matter fully, and for the reasons stated fully herein, the Defendant's Motion to Exclude Plaintiff's Expert [R. 18] and Motion for Summary Judgment [R. 20] are GRANTED.

II. FACTUAL & PROCEDURAL HISTORY

This dispute arises over alleged damages to a tract of real property owned by the Plaintiffs, Randall and Margaret Ward, in Floyd County, Kentucky. According to the allegations in the Complaint, "[i]n 1998 the Defendant's predecessor company acquired a right-of-way across the Plaintiffs' property." [R. 2, *State Court Record - Complaint* at ¶ 2]. The Defendant's predecessor, Columbia Natural Resources, Inc., constructed approximately 800' of well road on the property. On August 13, 1998, Randall Ward executed a signed document which states as follows in pertinent

part:

> Receipt is hereby acknowledged for the sum of $2,200 paid to the undersigned by COLUMBIA NATURAL RESOURCES, INC., being a **RELEASE** and **RECEIPT OF PAYMENT IN FULL** FOR:
> ...
> damages resulting from the construction of approximately 800' of well road.

[R. 20, Exhibit D (emphasis in original)]. The Plaintiffs contend that at approximately the same time this document was signed, representatives from Columbia Natural Resources, Inc., made an oral promise to put a gate on the well road, in order to protect the Plaintiffs' timber from illegal logging. [R. 29, Exh. 1, *Depo. of Randall Ward* at p.24; R. 29, Exh. 2, *Depo. of Ronald Robinette* at pp. 5 - 6]. According to Randall Ward, a gate was placed on the property. [R. 20, Exh. A, *Depo. of Randall Ward*, at p. 31].

The Plaintiffs did not live in Floyd County, and they did not visit the property on a regular basis. One of Randall's uncles, who lived in the area, would occasionally visit the property for him. [R. 20, Exh. A, *Depo. of Randall Ward*, at p.13-14]. In November of 2004, the uncle contacted the Plaintiffs and informed them that someone had "cut every bit of your timber down." [Id.]. At that time, the Plaintiffs had not visited the property since the summer of 2002. [Id.].

In November of 2007, the Plaintiffs filed an action against the Defendant in Floyd Circuit Court. The Complaint alleges that the Defendant failed to properly secure the Plaintiffs' property, which resulted in the Plaintiffs' timber being stolen. [R. 2, *State Court Record - Complaint* at ¶¶ 2-4]. The Defendant removed the action to the United States District Court for the Eastern District of Kentucky. [R. 2]. In April, 2009, the Defendant filed a Motion to Exclude Plaintiffs' Expert [R. 18], and a Motion for Summary Judgment [R. 20], which are presently before the undersigned.

### III. MOTION TO EXCLUDE EXPERT

The Plaintiffs base their damage estimates in this case on the report of Lonnie Meadows, who visited the Plaintiffs' property in 1996 and gave them an estimate regarding the potential future value of the timber on the property. [R. 18, Exh. A, *Report of Lonnie Meadows*]. Prior to moving for summary judgment, the Defendant filed a Motion to Exclude the Plaintiffs' Expert [R. 18], Lonnie Meadows, under the Federal Rules of Civil Procedure, Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993). The Plaintiffs did not respond to this motion, but at a pretrial conference on May 4, 2009, counsel for the Plaintiffs represented that they desired an opportunity to supplement Mr. Meadows's report. [<u>See</u> R. 39 at 3]. The Court granted the request to supplement and continued the trial to permit the Plaintiffs to supplement the report; however, no supplementation ever occurred. At the second pretrial conference, held on August 11, 2009, the Plaintiffs made oral motions to substitute Mr. Meadows with another expert, and to continue the trial currently set for September 14, 2009. [R. 41].

The Defendant first argues that Mr. Meadows' report fails to meet the disclosure requirements of the Federal Rules of Civil Procedure, which read in pertinent part:

(B)  *Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
 (i)  a complete statement of all opinions the witness will express and the basis and reasons for them
 (ii)  the data or other information considered by the witness in forming them;
 (iii)  any exhibits that will be used to summarize or support them;
 (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
 (v)  a list of all other cases in which, during the previous four

>               years, the witness testified as an expert at trial or by
>               deposition; and
>   (vi)    a statement of the compensation to be paid for the study and
>           testimony in the case.

Fed. R. Civ. P. 26(a)(2). Even including the information provided by Mr. Meadows in a letter to Plaintiffs' counsel, Mr. Meadows's report is very brief [R. 18, Exh. A]. The report and subsequent letter to Plaintiffs' counsel, while extremely scant on information and detail, sets forth the basic requirements listed in the rules, with the exception of a statement under Rule 26(a)(2)(B)(vi) regarding what compensation Mr. Meadows will receive.

While Mr. Meadows's report might pass muster under the disclosure requirements of Rule 26, it is clearly insufficient to pass the requirements of Federal Rule of Evidence 702, and Mr. Meadows's testimony must be excluded for failing to do so. Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Id. Mr. Meadows's report and his subsequent deposition do not meet these requirements. First, his testimony is not based on sufficient facts or data, as his testimony is based on the fact that he walked approximately 80 percent of the property in 1996; he was unable to provide any estimates regarding the number or type of trees located on the property at that time, and certainly was not able to provide any estimate regarding the size, type or number of trees that were allegedly removed in 2004. [R. 18, Exh. B, *Depo. of Lonnie Meadows*]. Likewise, his testimony does not satisfy the second element of Fed. R. Evid. 702 because he has not provided any evidence to show that his estimates in 1996, and predictions regarding future value, are at all reliable. Finally, his methodology has not been applied

reliably in the present case; Mr. Meadows admitted that he has not counted the number of trees on the property, nor has he measured the stumps of any trees that were cut in order to estimate their size or value. [Id. at 18-19].

Mr. Meadows's testimony is extremely speculative, and is based on patently insufficient and unreliable data and methodology. Such speculative testimony would not assist the jury in understanding the evidence or determining a fact in issue; therefore, the Defendant's Motion to Exclude [R. 18] should be granted. The unreliable nature of Mr. Meadows's testimony, and the very high error rate which naturally accompanies such speculative testimony, also require that his testimony be excluded under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) and its progeny. See also Wynacht v. Beckman Instruments, Inc., 113 F. Supp. 2d 1205, 1207 (E.D. Tenn. 2000) ("an expert's subjective belief or unsupported speculation" will not satisfy Fed. R. Evid. 702 and Daubert).

## IV. MOTION FOR SUMMARY JUDGMENT

The Defendant asserts multiple grounds for summary judgment. As the Court finds that the Plaintiffs have failed to prove damages, the Defendant's remaining arguments will not be addressed.[1]

In this action for breach of contract, the burden is on the Plaintiffs to show that they suffered damages. Barnett v. Mercy Health Partners-Lourdes, Inc., 233 S.W.3d 723 , 727 (Ky. App. 2007). Under Kentucky law, the proper measure of damages for timber that is improperly removed is either:

---

[1] As an initial matter, the Plaintiffs have correctly characterized this action as one for breach of contract [See R. 29 at 4], and, viewing the record in the light most favorable to the Plaintiffs, the action was filed within the statute of limitations. Furthermore, the Court agrees with the Plaintiffs that the "consideration" exception of Ky. Rev. Stat. § 371.030 permits introduction of evidence regarding the alleged oral agreement. See also, Huff Contracting v. Sark, 12 S.W.3d 704, 707 (Ky. App. 2000) citing Phillips v. Phillips, 171 S.W. 2d 458, 464 (Ky. 1943) (defining consideration under Kentucky law).

(1) "the reasonable market value of the timber on the stump" or (2) "the gross sale price at the point of delivery." Gum v. Coyle, 665 S.W.2d 929, 930-31 (Ky. App. 1984) *citing* Allen v. Ferguson, 253 S.W.2d 8 (Ky. 1952); Morris v. Thomas Forman Co., 266 S.W. 873 (Ky. App. 1924). The Plaintiffs must prove facts "which afford a basis for measuring or computing damages with reasonable certainty." Kentucky West Virginia Gas Co. v. Frazier, 195 S.W.2d 271 (Ky. 1946); see also, White v. Manchester Enterprise, Inc., 871 F. Supp. 934, 941 (E.D. Ky. 1994).

The Plaintiffs argue that the testimony of their expert witness is sufficient to establish damages. [R. 29 at 4-5]. The Kentucky courts "have held that uncertain, contingent, and speculative damages can not be recovered." Spencer v. Woods, 282 S.W.2d 851, 852 (Ky. 1955). For the reasons noted *supra*, the testimony of Mr. Meadows was entirely speculative, and failed to establish any reliable information regarding the damages suffered by the Plaintiffs; Mr. Meadows's testimony must be excluded under Federal Rule of Evidence 702 and Daubert.[2] Other than the Plaintiffs' allegations that all their timber was taken, the Plaintiffs' case is now totally devoid of any evidence regarding the damages allegedly suffered. The Plaintiffs provide absolutely no information regarding the type, number, size or value of the trees that were allegedly stolen. The record does contain the detailed report of the Defendant's expert, John J. West, which states that he was only able to find two trees that had been cut on the Plaintiffs property, and that there was no other evidence that the Plaintiffs' timber had been stolen. [Rs. 15 & 16]. The Defendant's expert

---

[2] Even assuming that Mr. Meadows's report was not excluded, the report is so devoid of information that it would not create a genuine issue of material fact. The report does not contain any information regarding the damages suffered by the Plaintiffs, and is based entirely on Mr. Meadows's speculation on the possible future value of the timber. The report does not even provide any estimate regarding the size, type or number of trees that were allegedly removed in 2004. [R. 18, Exh. B, *Depo. of Lonnie Meadows*].

concludes that there was no timbering on the Plaintiffs' property, but that there was timbering "to the west of the Ward property." [R. 15 at 2]. The Defendant's expert report includes detailed maps of the property and surrounding area, as well as numerous photographs of the property. [Id.].

Viewing the record in the light most favorable to the Plaintiffs, there is no evidence to establish the damages allegedly suffered in this case. As the Plaintiffs have failed to establish the damages element of their cause of action, the Defendant's Motion for Summary Judgment [R. 20] should be GRANTED.

### V. CONCLUSION

The Court being fully advised, and for the reasons stated above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)  The Defendant's Motion to Exclude Plaintiff's Expert [R. 18] is GRANTED;

(2)  The Defendant's Motion for Summary Judgment [R. 20] is GRANTED;

(3)  All other motions are DENIED AS MOOT;

(4)  This matter shall be DISMISSED and STRICKEN from the Court's active docket;

(5)  This is a final and appealable order, and there is no just cause for delay.

Signed September 8, 2009.



Signed By:
*Edward B. Atkins*  EBA
**United States Magistrate Judge**